DREW, Justice.
The appellant city in this case controverts a decree entered in the Circuit Court for Okaloosa County on August 10, 1966, sustaining the validity of Chapter 65-1418, Laws of Florida, Special Acts of 1965, and requiring a referendum election as provided in the act, in a taxpayers’ class suit by appellee.
*800 The purpose of the statute, stated in its title,[1] was to effect a change in appellant’s city charter to require that ad valorem taxes shall not exceed eight mills on the dollar, or 50% of that charged by the county on the property affected, the act to be subject to approval at a referendum election “which shall be called by the majority of the City Council members of Crestview, Florida not later than 180 days nor less than 90 days after the adjournment of the regular session of the 1965 Legislature, which date is hereby established as June 4, 1965.” We find no merit in appellant’s preliminary contention that the court erred in entry of a stay order on November 23, 1965, and in requiring the referendum after the statutory deadline for compliance by the city.
The attack upon the validity of Chapter 65-1418, so far as reflected by the record before us, rests upon alleged violation of Article III, Sec. 16, of .the Florida Constitution, F.S.A., which requires that the subject of a legislative act “shall be briefly expressed in the title”. The title in this case, as above noted, clearly and comprehensively summarizes the operative effect of the act. Appellant apparently concedes that it contains adequate information as to what is being added, or changed in the charter sections affected but contends the use of the word “amend” in the title is fatal because the body of the act in fact repeals and provides substitutes for the sections in question. In view of the explicit definition in the title of the limits imposed by the act upon the municipal taxing power, which limitations necessarily supplant the former provisions covering the same subject matter, we conclude that in the particular situation presented the distinction in terms is immaterial, and that the constitutional requirement of a brief expression of the subject matter is met.[2] Other points argued are patently without foundation.
Affirmed.
ROBERTS, THORNAL, CALDWELL, ERVIN and BARNS (Ret.), JJ., concur.
THOMAS, Acting C. J., dissents.

. Chapter 65-1418 is entitled :
“AN ACT amending Chapter 63-1249, Laws of Florida, 1963, which is the charter of the City of Crestview, Florida, by amending Sections 23 and 28 of said Chapter 63-1249, by providing that the maximum ad valorem taxes to be charged the residents of Crestview, Florida shall not exceed eight (8) mills on the dollar, and in no event shall the ad valorem taxes levied against the property owners of Crestview, Florida exceed 50% of that charged or collected by Okaloosa Couhty, Florida for property lying within the city limits of Crest-view, Florida; providing for a referendum.”

. Cf. City of Miami v. Headley, Fla., 61 So.2d 321.